1
2
3
4
5
6
7
8
9 **UNITED STATES DISTRICT COURT**
10 **SOUTHERN DISTRICT OF CALIFORNIA**
11
12 MEHRAN ABAZARY OF THE [MEHRAN:      CASE NO. 12-CV-720 JLS (BLM)
AFAZARY]; ALVIN-RUIS: PATE'S;
13 ATEF: AFKARIAN; DAVID-WYNN:      **ORDER SUA SPONTE**
MILLER,      **DISMISSING COMPLAINT**
14
     (ECF No. 1)
15                     Plaintiffs,
    vs.
16
ANDERSEN, HILBERT & PARKER;
17 CORINNA S. ARBITER; DEUTSCHE
BANK; MORTGAGE-PASS THROUGH-
18 CERTIFICATE-SERIES-2007-AR7,
19
                  Defendants.
20

21      On March 26, 2012, Plaintiffs "Mehran Abazary of the [Mehran: Afazary], Alvin-Ruis:

22 Pate's, Atef: Afkarian, and David-Wynn: Miller," proceeding *pro se*, filed the Complaint in this

23 action against various Defendants.  (Compl., ECF No. 1.)  For the reasons stated below, the Court

24 *sua sponte* dismisses Plaintiffs' Complaint for failure to comply with the requirements of Rule 8,

25 and grants Plaintiffs leave to amend.

26      Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief

27 must contain . . . a short and plain statement of the claim showing that the pleader is entitled to

28 relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[]

              

1   more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556

2   U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

3   (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

4   relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

5   cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265,

6   286 (1986)).  Generally, courts must broadly construe pleadings filed by *pro se* litigants, affording

7   *pro se* plaintiffs any benefit of the doubt.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

8   *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  However, even when receiving liberal

9   construction, *pro se* litigants must still comply with the Federal Rules of Civil Procedure,

10  including Rule 8.  *See King v. Atiyeh*, 790 F.2d 1362, 1364 (9th Cir. 1986).

11          The Court finds the Complaint does not sufficiently show how Plaintiffs are entitled to

12  relief.  As an illustration of the type of nonsensical and undecipherable text contained in the

13  Complaint, the first "cause" listed reads as follows:

14          **~1** FOR THE **C. -S. -S. -C. -P. -S. -G.** -CORRECTIONS OF THESE
        FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATION-COURT-

15      DOCUMENTS **ARE** WITH THE FRAUDULENT-PARSE-SYNTAX-
        GRAMMAR-DAMAGE-CLAIMS OF THE VASSALEE'S-WRONG-WORD-

16      COMMUNICATION-EVIDENCE-HEREIN-BONDED WITH THE THREE-
        **TIMES-EQUITY-DAMAGES** OF THE $75,000.00-PER-HOUR WITH THE

17      **CLAYTON-ANTITRUST-ACT (1914)** OF THE FREEDON-LOSS WITH THE
        FRAUDULENT-PARSE_SYNTAX-GRAMMAR-FALSE-ARREST BY THE

18      CLAIMANTS'-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-EVIDENCE.

19  (Compl. 3) (emphasis in original).  Plaintiffs' Complaint goes on in this manner for a total of

20  twelve pages.  The civil cover sheet attached to the Complaint lists 42 U.S.C. § 1986[1], 15 U.S.C. §

21  1692[2], and 31 U.S.C. § 3729[3] as federal statutes under which Plaintiffs are filing, also stating

22  "QUO-WARRANTO COMPLAINT FRAUDULENT SYNTAX GRAMMAR" as the "Nature of

23  Suit."  (Civil Cover Sheet, ECF No. 1 at 13.)  However, it is impossible to decipher any such

24  causes of action, or any other cognizable legal theories, from the text of Plaintiffs' Complaint

25

26          [1] 42 U.S.C. § 1986 provides a cause of action for neglecting to prevent interference with civil
    rights.

27          [2] 15 U.S.C. § 1692 contains Congressional findings and declaration of purpose with regard to
    the Fair Debt Collection Practices Act.

28
            [3] 31 U.S.C. § 3729 provides for liability for certain acts under the False Claims Act.

1    itself.  The attached documents, which appear to be copies of several filings in a proceeding in

2    superior court, are similarly unhelpful in ascertaining Plaintiffs' claims or bases for this action in

3    federal court.  (*See* Attachments to Compl., ECF No. 1-1.)  These documents also contain

4    substantial handwritten text, and handwritten numbers appear above each typed word, apparently

5    as part of some kind of code.  Stamped at the bottom of each page is what appears to be the key to

6    that code: ":Syntax-word-key-meaning: 1=Adverb, 2=Verb, 3= Adjective, 4=Pronoun; 8=Past-

7    time, 9=Future-time, 9=Conjunction, NC=No-Contract."  Again, the meaning or relevance of this

8    code is not explained.

9            This is not the first such Complaint filed by Plaintiff Miller.[4]  In nearly identical

10   circumstances, judges in this district have dismissed Plaintiff's incomprehensible and

11   unintelligible complaints for failure to assert "a short and plain statement of the claim showing that

12   the pleader is entitled to relief" under Fed. R. Civ. P. 8(a)(2).  *See, e.g.*, *Miller v. Michael Burnett*

13   *& Matthews, LLP*, No. 11cv2590 WQH (WVG), 2012 WL 909462 at *2 (S.D. Cal. Order Mar. 15,

14   2012) ("Dismissal is appropriate because the indecipherable allegations of the Complaint lack any

15   cognizable legal theory or sufficient facts to support a cognizable legal theory."); *Abraham-D.*

16   *Tomas v. AEGIS Mortgage Co.*, No. 10cv2286 BEN (BLM) (S.D. Cal. Orders Nov. 18, 2010 and

17   Jan. 28, 2011) (*sua sponte* dismissing case without prejudice).  Here, the Court similarly finds

18   dismissal proper, where the Court cannot discern from the Complaint any facts or allegations

19   sufficient to support a cognizable legal theory upon which relief could be granted.  Instead, the

20   Complaint is "filled with nonsensical, erratically-formatted lines of text that fail to allege any

21   facts, let alone a coherent legal claim."  *Abraham-D. Tomas*, No. 10cv2286 BEN (BLM) (S.D.

22   Cal. Order Jan. 27, 2011).

23           Dismissal of this Complaint, especially without prejudice, is warranted under a variety of

24   rules of civil procedure.  *See Amsterdam v. Office of Hawaiian Affairs*, 2011 U.S. Dist. LEXIS

25   91639 at *8-9 (D. Haw., Aug. 16, 2011) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th

26   _____

27        [4] Indeed, another unintelligible Complaint was recently filed by Plaintiff Miller, and,
     simultaneously with this Order, the Court issues a similar Order *sua sponte* dismissing that Complaint
     on the same grounds.  *See :Mehran: Abzary & Sohelia: Ferdowski v. One West Bank*, No. 12cv562

28   JLS (POR) (S.D. Cal. filed March 6, 2012).

1  Cir. 1984)) (explaining that a paid complaint that is "obviously frivolous" may be dismissed *sua*

2  *sponte* for numerous grounds, including Rule 12(b)(6), Rule 12(b)(1), and Rule 8 itself); *Nasious*

3  *v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (stating that dismissing a

4  case under Rule 41(b) for failure to comply with Rule 8 allows the plaintiff "another go at

5  trimming the verbiage; accordingly, a district court may, without abusing its discretion, enter such

6  an order without attention to any particular proceedings."); *Apple v. Glenn*, 183 F.3d 477, 479 (6th

7  Cir. 1999) (noting that district courts may *sua sponte* dismiss completely implausible paid

8  complaints under Rule 12(b)(6) for failure to state a claim so long as the dismissal is without

9  prejudice or the plaintiff is given notice and an opportunity to respond, or under Rule 12(b)(1) for

10  lack of subject matter jurisdiction, with or without prejudice).

11       Accordingly, this action is **DISMISSED** without prejudice.  Through this Order of

12  dismissal, Plaintiffs have notice of the Complaint's deficiencies and an opportunity to respond by

13  filing an Amended Complaint.[5]  If Plaintiffs wish, they may file an Amended Complaint that

14  adheres to the pleading requirements of Rule 8 <u>within 30 days </u>of the filing date of this Order.  Any

15  such Amended Complaint must set forth a clear statement of Plaintiffs' claims in order to give

16  Defendants a fair opportunity to respond and to allow the Court to perform its responsibilities in

17  managing this action.

18       **IT IS SO ORDERED**.

19

20  DATED:  March 28, 2012

21                                                                             *Janis L. Sammartino*

                                          Honorable Janis L. Sammartino

22                                            United States District Judge

23

24

25

26       [5] Plaintiff Miller may also wish to remind himself of the instructions contained in Judge
Benitez' Order in an above-mentioned case also filed by Miller, *Abraham-D. Tomas*, No. 10cv2286

27  BEN (BLM) (S.D. Cal. Order Jan. 27, 2011), which sets forth in detail Rule 8's pleading requirements
and thoroughly explains how the unintelligible amended pleadings in that case, which are quite similar

28  in substance and form to the instant Complaint, still failed to comply with these requirements.

                               12cv720